UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | No.  3:06-CR-32 RM |
| ) | |
| ESSIE JACKSON (02) ) | |

ORDER AND OPINION

Defendant Essie Jackson's motion to continue sentencing and her motion for new trial under Fed. R. Crim. P. 33(b)(1) pend. The government has objected to both, contending that the Rule 33 motion has no merit, and that sentencing should proceed as scheduled. The court agrees with the government.

Under Fed. R. Crim. P. 33(a), the court "may vacate any judgment and grant a new trial if the interest of justice so requires." The burden is on the defendant to show that the interest of justice require retrial. United States v. McGee, 408 F.3d 966, 979 (7th Cir. 2005). To meet that burden on grounds of newly discovered evidence, Ms. Jackson must establish that the evidence in question—her April 2000 bank statement from Teacher's Credit Union—"(1) came to h[er] knowledge only after trial; (2) could not have been discovered sooner had due diligence been exercised; (3) is material and not merely impeaching or cumulative; and (4) would probably lead to an acquittal in the event of a retrial." Id.; United States v. Ryan, 213 F.3d 347, 352 (7th Cir.2000).

Ms. Jackson summarily concludes in her motion for new trial that the April 2000 bank statement is "newly discovered" exculpatory evidence, and that the

government's failure to produce the statement constituted a deliberate misrepresentation of the facts to the jury, warranting a new trial. The motion and memorandum contain no suggestion that the bank statement came to her knowledge only after trial or that it could not have been discovered sooner by due diligence. The statement related to Ms. Jackson's own bank account at Teacher's Credit Union, contained information that was within Ms. Jackson's control, and would seem to have been readily available to her at any time before and during the trial in August 2006. The bank statement's materiality is extremely speculative, in light of the testimony presented at trial, as is the likelihood that it would lead to an acquittal, in the event of a retrial.

Accordingly, the court DENIES defendant Essie Jackson's motions for new trial [Docket No. 102] and her motion to continue sentencing [Docket No. 100], which is premised on the pendency of her Rule 33 motion.

SO ORDERED.

ENTERED:   February 12, 2007

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc:   H. Abrams
     B. Brook
     USM
     USPO